# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEWS INTERNATIONAL CORPORATION, | )<br>)<br>) |
| Plaintiff, | ) 2:20-cv-00089-NR<br>)<br>) |
| v. | )<br>) |
| ANTHONY A. LOMBARDI, RONALD STOVEKEN, MICHAEL ANDREWS, IMPLANT RECYCLING, LLC and IR ENVIRONMENTAL SOLUTIONS, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION ON MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [ECF 29]

**J. Nicholas Ranjan, United States District Judge**

Matthews filed this action against its former employees, Messrs. Lombardi, Stoveken, and Andrews, and its alleged competitors, Implant and IR Environmental. As against Implant and IR Environmental, Matthews alleges that they: (1) violated federal and state trade secret statutes by misappropriating Matthews's confidential information and trade secrets; and (2) engaged in tortious interference and unfair competition by hiring Matthews employees while knowing that those employees were bound by non-competition agreements.

Implant and IR Environmental are Michigan companies and have moved to dismiss the complaint based on lack of personal jurisdiction. Matthews concedes that general jurisdiction is lacking, but argues that specific jurisdiction exists based on, among other things, the forum-selection clauses in Messrs. Andrews and Stoveken's non-competition agreements. Those clauses

provide consent to personal jurisdiction in this forum. Matthews argues that because of the close relationship between Implant and IR Environmental and Messrs. Andrews and Stoveken, that Implant and IR Environmental are bound by those forum-selection clauses. The Court agrees.

Where, as here, a former employee is bound by a restrictive covenant with a forum-selection clause, the clause may apply to the new employer who can foresee the forum-selection clause being an issue, but still moves forward with hiring. That is what happened here. Implant and IR Environmental hired a number of former Matthews employees with similar non-competition agreements, all of which contained a clause consenting to personal jurisdiction in this Court. Implant and IR Environmental were placed on notice of potential lawsuits by Matthews over the hiring of some of those employees. This course of dealing shows that it was at least reasonably foreseeable to Implant and IR Environmental that they could be haled into this forum in this case—a case that involves the hiring of at least two Matthews employees with Western District of Pennsylvania forum-selection clauses.

Because that is sufficient to establish specific personal jurisdiction, the Court will deny Implant and IR Environmental's motion to dismiss for lack of personal jurisdiction.

## FACTUAL & PROCEDURAL BACKGROUND

Accepting all factual allegations in Matthews's complaint as true, Matthews is a corporate resident of Pittsburgh and manufacturer of cremation furnaces and related equipment. [ECF 1, pp. 4, 7-8, ¶¶16, 33]. Implant and IR Environmental are related Michigan limited liability companies headquartered in Michigan, and they operate generally in the environmental and recycling business as it relates to cremation services. [ECF 1, pp. 4-5, ¶¶

20-22]. Messrs. Lombardi, Andrews, and Stoveken all reside and work in Florida, as they did when they worked for Matthews. [ECF 1, p. 4, ¶¶ 17-19].

Matthews employed Mr. Lombardi for nearly 30 years, and he was promoted various times. When he left the company in August 2019, his title was Senior Manager, Operations within the Environmental Solutions Division. [ECF 1, p. 2, ¶¶ 2, 6]. According to Matthews, Mr. Lombardi claimed he was retiring, but in fact left to go work for one of Matthews's competitors, Implant or IR Environmental. [ECF 1, p. 3, ¶ 7]. Matthews claims that Mr. Lombardi also began to store files with Matthews's confidential information and trade secrets on several USB devices. [ECF 1, p. 3, ¶ 8].

Matthews also claims that Mr. Lombardi enlisted Messrs. Andrews and Stoveken (and another Matthews employee, Corey Edwards) to terminate their employment with Matthews and to join him in working for Implant or IR Environmental. [ECF 1, p. 3, ¶ 11]. Matthews claims that on Mr. Stoveken's last day of employment at Matthews, he emailed himself 52 attachments containing Matthews's information and also inserted two USB devices into his Matthews computer. [ECF 1, p. 3, ¶ 12].

## I. Matthews's agreements with Messrs. Andrews and Stoveken.

As part of Mr. Andrews's August 2014 promotion to Service Technician, he and Matthews entered into a Confidentiality, Non-Solicitation, Non-Competition, and Intellectual Property Agreement. [ECF 1, p. 15, ¶¶ 70, 73; ECF 1-2]. Mr. Andrews agreed to certain post-employment non-competition and non-solicitation obligations as well as a forum-selection clause in which Mr. Andrews agreed to "irrevocably submit[] to the personal jurisdiction" of the Allegheny County Court of Common Pleas or the United States District Court for the Western District of Pennsylvania and that "any civil action to enforce"

the agreement would be brought in one of those two forums. [ECF 1-2, pp. 11-12, ¶ 4(k)].

Similarly, as part of Mr. Stoveken's September 2019 promotion to Manager Technical Support, he and Matthews entered into a similar non-competition agreement as Mr. Andrews had. [ECF 1, p. 13, ¶ 59; ECF 1-1]. That agreement similarly contains a forum-selection clause in which Mr. Stoveken agreed to submit to personal jurisdiction in the Allegheny County Court of Common Pleas or the United States District Court for the Western District of Pennsylvania. [ECF 1-1, p. 6, ¶ 4(j)].

## II. Implant and IR Environmental's knowledge of Matthews's non-competition agreements.

Over the past few years, several Matthews employees (other than Messrs. Andrews, Stoveken, and Lombardi) have gone to work for Implant or IR Environmental, including Implant's Vice President Guy Esposito and IR Environmental's Vice President John Mitchell. [ECF 1, p. 25, ¶¶ 134-136]. Both had non-competition agreements with Matthews that contained an Allegheny County/Western District of Pennsylvania forum-selection clause. [ECF 38-1, Exs. A and B].

In late 2018, two more former Matthews employees, Christopher Brown and James Norton, went to work for Implant. [ECF 1, p. 25, ¶ 137]. Both had non-competition agreements with Matthews that contained an Allegheny County/Western District of Pennsylvania forum-selection clause. [ECF 38-2, Exs. A and B].

In a December 4, 2018, letter to Implant and IR Environmental's in-house counsel, Matthews's outside counsel, Jaime Tuite, advised that Messrs. Brown and Norton were subject to non-competition agreements and attached other correspondence that referred to and enclosed those agreements. [ECF

38-2, Ex. C]. Ms. Tuite further wrote that "[m]any Matthews employees have signed similar agreements" to those signed by Messrs. Brown and Norton. [ECF 38-2, Ex. C]. Ultimately, Matthews decided not to pursue legal action over Messrs. Brown and Norton.

On December 3, 2019, shortly after Messrs. Andrews and Stoveken left Matthews, Ms. Tuite again wrote to Implant and IR Environmental. [ECF 39, p. 3]. The letter informed Implant and IR Environmental that Messrs. Andrews and Stoveken owed post-employment contractual obligations to Matthews, though it did not attach these individuals' non-competition agreements. [ECF 39, p. 3; ECF 29-2, p. 3, ¶ 20].

### III. Implant and IR Environmental's knowledge of Messrs. Andrews and Stoveken's agreements.

The parties do not dispute that Messrs. Andrews and Stoveken were subject to non-competition agreements with Matthews that contained Allegheny County/Western District of Pennsylvania forum-selection clauses. The dispute, rather, is whether Implant and IR Environmental *knew* about these agreements before hiring Messrs. Andrews and Stoveken.

On one hand, Matthews claims that Implant and IR Environmental knew about Andrews and Stoveken's non-competition agreements before hiring them. [ECF 1, pp. 25-26, 34, ¶¶ 140, 200]. On the other, Implant and IR Environmental claim that although they knew that *some* Matthews employees had non-competition agreements with forum-selection clauses, they did not know that Messrs. Andrews and Stoveken, specifically, were subject to such agreements. [ECF 30, pp. 12-13]. In fact, they claim that Messrs. Andrews and Stoveken told Implant and IR Environmental before they were hired that they were "not bound by a non-competition agreement that would

prevent [them] from working for IR Environmental." [ECF 29-4, p. 2, ¶ 8; ECF 29-5, p. 2, ¶ 8].

Against this backdrop, Matthews has brought four claims against Implant and IR Environmental, alleging violations of federal and state trade secret statutes, tortious interference with contract, and unfair competition. Implant and IR Environmental have moved to dismiss the complaint based on lack of personal jurisdiction.

## **LEGAL STANDARD**

Motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2) require the court to accept as true the allegations of the pleadings and all reasonable inferences, and to resolve all factual disputes in favor of the plaintiff. Fed. R. Civ. P. 12(b)(2); *see also Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). "The rule, however, does not limit the scope of the court's review to the face of the pleadings; rather the court must consider any affidavits submitted by the parties." *Synthes, Inc. v. Emerge Med., Inc.,* 887 F. Supp. 2d 598, 605 (E.D. Pa. 2012) (cleaned up).

Once a defendant raises the defense of lack of personal jurisdiction, the burden shifts to the plaintiff to demonstrate facts that suffice to support an exercise of personal jurisdiction. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). The "[p]laintiff may do so through affidavits or competent evidence that show sufficient contacts with the forum state to establish personal jurisdiction." *Synthes*, 887 F. Supp. 2d at 605 (citation omitted). "Such contacts must be established with 'reasonable particularity,' but need only amount to a prima facie case in favor of personal jurisdiction." *Id.* (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

**DISCUSSION & ANALYSIS**

Matthews mainly alleges that Implant and IR Environmental are subject to the jurisdiction of this Court on two grounds: (1) jurisdiction extends to them under the forum-selection provisions in Messrs. Andrews and Stoveken's agreements with Matthews; and (2) Implant and IR Environmental's conduct satisfies the *Calder* "effects" test. Because the Court agrees with Matthews's first argument, it need not address the second.

I. **The scope of personal jurisdiction.**

Implant and IR Environmental seek dismissal based on an alleged absence of personal jurisdiction. Under Rule 4(k)(1)(A), a federal court may exercise personal jurisdiction over a non-resident defendant to the extent provided by the law of the state in which the federal court sits. Fed. R. Civ. P. 4(k)(1)(A). Under Pennsylvania's long-arm statute, personal jurisdiction over nonresident defendants is permitted "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b). Thus, consistent with the Due Process Clause, a defendant's physical presence within the forum need not establish personal jurisdiction. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). Instead, personal jurisdiction may be based on either a defendant's contacts with the forum or on some form of consent to personal jurisdiction. *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). This consent may take the form of a contractual forum-selection clause. *Synthes*, 887 F. Supp. 2d at 606.

II. **The closely related party doctrine.**

"It is widely accepted that non-signatory third-parties who are closely related to a contractual relationship are bound by forum selection clauses

contained in the contracts underlying the relevant contractual relationship." *Radian Guar. Inc. v. Bolen*, 18 F. Supp. 3d 635, 645 (E.D. Pa. 2014) (cleaned up); *see also In re McGraw-Hill Global Educ. Holdings LLC*, 909 F.3d 48, 59 (3d Cir. 2018) ("Under traditional principles of contract law, non-signatories may be bound by a forum selection clause if they are intended third-party beneficiaries of the contract, or if they are closely related parties."). "Third parties that should have foreseen governance by the clause may also be bound by it." *Synthes,* 887 F. Supp. 2d at 607 (cleaned up).

"[C]ourts considering this question of whether a non-signatory may be bound by a forum selection clause take a common sense, totality of the circumstances approach that essentially inquires into whether, in light of those circumstances, it is fair and reasonable to bind a non-party to the forum selection clause." *Id.* (citation omitted). "All that is required is facts demonstrating a close relationship to the signatory or to the contractual dispute, such that application of the forum selection clause was reasonably foreseeable." *Id.* at 613 (citation omitted).

As the Third Circuit has stated, "[a] foreseeability finding in the context of forum selection clauses must have some evidentiary basis, other than pure speculation, that the party sought to be bound had an awareness of the clause, its contents, and that it might be defensively invoked." *In re McGraw-Hill*, 909 F.3d at 65. That said, the Third Circuit rejected the argument that "foreseeability requires a finding that the clause and its contents had been 'reasonably communicated' to the party against whom enforcement is sought." *Id.* Rather, the case law "did not set such a high bar[,]" and all the Circuit requires "is that the actual forum be foreseeable, and that there be some evidentiary basis for such a finding." *Id.* (cleaned up).

### III. The forum-selection clauses bind Implant and IR Environmental.

Based on the standard applicable to motions to dismiss on the basis of personal jurisdiction, Matthews has come forward with sufficient evidence to demonstrate that personal jurisdiction exists over Implant and IR Environmental. Specifically, because Matthews has established facts that show that Implant and IR Environmental could reasonably foresee that the Andrews and Stoveken agreements had Western District of Pennsylvania forum-selection clauses, Implant and IR Environmental are bound by those clauses.

As many courts have held, where, as here, a former employee is bound by a restrictive covenant with a forum-selection clause, the clause may apply to non-parties who can foresee the forum-selection clause being an issue, but still move forward with hiring. *See Synthes,* 887 F. Supp. 2d at 611; *Radian*, 18 F. Supp. 3d at 646; *accord St. Jude Med., S.C., Inc. v. Biosense Webster, Inc.,* No. Civ.A.12–621, 2012 WL 1576141, at *5 (D. Minn. May 4, 2012).

For instance, in *Synthes*, 887 F. Supp. 2d 598, three sales representatives entered into non-competition agreements containing forum-selection clauses with their employer Synthes, a medical device sales company. *Id.* at 600. While working for Synthes, the sales representatives worked to create and eventually join a competitor, Emerge Medical. *Id.* Synthes sued the sales representatives, Emerge Medical's COO, and Emerge Medical itself. On the COO's motion to dismiss for lack of personal jurisdiction, the court found that, while he was not a party to the non-competition agreements, he was "so closely related to the dispute between Synthes and [the sales representatives] that he should have reasonably foreseen that he would be bound these forum selection clauses." *Id.* at 611.

Similarly, in *Radian*, 18 F. Supp. 3d 635, the court exercised personal jurisdiction over two out-of-state entities (Arch MI Services and Arch MI Holdings) based on their knowledge of a former employee's non-competition agreement. *Id.* at 646-47. There, an individual interviewed with and emailed repeatedly with the entities' vice president while still employed with the plaintiff, and the entities' vice president and chairman/CEO knew of the agreement but still offered the individual a job. *Id.* at 647. "Having sought to employ [the individual] while knowing she was employed by Radian under a contract with a non-competition agreement," the court found that "Arch MI Services and Arch MI Holdings are sufficiently closely related to [her] so as to foresee being bound by the forum selection clause." *Id.*

Likewise, the Court is guided by *C.H. Robinson Worldwide, Inc. v. Rodriguez*, No. 12–264, 2012 WL 4856245, at *5-*6 (D. Minn. Oct. 12, 2012). There, the court exercised personal jurisdiction over the defendant company, Sun Commodities, even though it claimed not to know about the new employee's non-competition agreement (with forum-selection clause) with her former employer before hiring her. The court found that this purported lack of knowledge was not enough of a reason not to extend the forum-selection clause to Sun Commodities. The court held that "[a] company's lack of knowledge regarding a noncompetition agreement, . . . does not end the inquiry." *Id.* at *5. Rather, "the proper inquiry is whether, 'the third party reasonably should foresee being bound by the forum selection clause because of its relationships to the cause of action and the signatory to the forum selection clause.'" *Id.* at *6 (quoting *Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1057 (D. Minn. 2008)).

The court reasoned that "Sun Commodities and Rodriguez [the new employee] share a common interest in Rodriguez's continued employment,

have the same attorney[,] and Sun Commodities has already sought a declaration of its rights under the Agreement in Florida federal court. . . . Moreover, after learning of Rodriguez's employment at Sun Commodities, C.H. Robinson sent cease-and-desist letters threatening legal action against both defendants. . . . Despite this warning, Sun Commodities continued to employ Rodriguez. As such, it was foreseeable that Sun Commodities would be haled into court in Minnesota." *Id.*

Here, based on these cases, which are similar to this one and which the Court finds persuasive, the Court finds that it has personal jurisdiction over Implant and IR Environmental. Even if Implant and IR Environmental were not 100% certain that Messrs. Andrews and Stoveken had non-competition agreements with Matthews, it was foreseeable that they would have such agreements.

Many employees (including high-ranking employees) at Implant and IR Environmental came from Matthews and themselves had non-competition agreements with Allegheny County/Western District of Pennsylvania forum-selection clauses. *See* [ECF 38-1, Exs. A and B; ECF 38-2, Exs. A and B]. Implant, IR Environmental, Mr. Andrews, and Mr. Stoveken all share a common interest in Messrs. Andrews and Stoveken's continued employment. *See, e.g.,* [ECF 41]. Further, Implant and IR Environmental received letters from Matthews's outside counsel, Ms. Tuite, including a letter in December 2018. [ECF 38-2, Ex. C]. While that letter concerned other Matthews employees, it included copies of non-competition agreements that had Western District of Pennsylvania forum-selection clauses, and the correspondence expressly stated that "[m]any Matthews employees have signed similar agreements." [ECF 38-2, Ex. C]. This letter should have put Implant and IR Environmental on reasonable notice that they might be haled into court in

Pennsylvania if they continued to recruit and hire Matthews employees, such as Messrs. Andrews and Stoveken.

Ultimately, it was foreseeable to Implant and IR Environmental that they would be bound by the forum-selection clauses in Messrs. Andrews and Stoveken's agreements.

Implant and IR Environmental argue that they did not have actual knowledge of the Andrews and Stoveken's agreements, and that Messrs. Andrews and Stoveken told Implant and IR Environmental before they were hired that they were "not bound by a non-competition agreement that would prevent [them] from working for IR Environmental." [ECF 29-4, p. 2, ¶ 8; ECF 29-5, p. 2, ¶ 8]. But as the Third Circuit has stated, a finding of foreseeability ***does not*** require "a finding that the [forum-selection] clause and its contents had been 'reasonably communicated' to the party against whom enforcement is sought." *In re McGraw-Hill*, 909 F.3d at 65. All the Third Circuit requires "is that the actual forum be foreseeable, and that there be some evidentiary basis for such a finding." *Id.* (cleaned up).

Messrs. Andrews and Stoveken's affirmative representations to Implant and IR Environmental do not alter the analysis. Initially, it does not appear Messrs. Andrews and Stoveken represented that they had no non-competition agreements, only that they were "not bound by a non-competition agreement that would prevent [them] from working for IR Environmental." [ECF 29-4, p. 2, ¶ 8; ECF 29-5, p. 2, ¶ 8]. It would appear unreasonable for Implant and IR Environmental not to inquire further into the matter, including in reviewing any non-competition agreements to determine whether they would be binding or not.

Indeed, the touchstone of the Court's inquiry is a "common sense, totality of the circumstances approach that essentially inquires into whether, in light

of those circumstances, it is fair and reasonable to bind a non-party to the forum selection clause." *Synthes,* 887 F. Supp. 2d at 607 (citation omitted). Even taking into account Messrs. Andrews and Stoveken's representations to Implant and IR Environmental, the Court finds that common sense in light of the totality of the parties' course of dealing regarding other Matthews employees is dispositive. It was reasonably foreseeable to these defendants that they would be subject to suit in this district.

In short, because Implant and IR Environmental are bound by the forum-selection clause in Messrs. Andrews and Stoveken's contracts, they are subject to specific personal jurisdiction.

## **CONCLUSION**

For all the reasons discussed above, Implant and IR Environmental's motion to dismiss for lack of personal jurisdiction [ECF 29] is **DENIED.** An appropriate order follows.

DATED this 17th day of March, 2020.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge
