# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEWS INTERNATIONAL CORPORATION, | ) ) ) |
| Plaintiff, | ) 2:20-cv-00089-NR ) ) |
| v. | ) ) |
| ANTHONY A. LOMBARDI, RONALD STOVEKEN, MICHAEL ANDREWS, IMPLANT RECYCLING, LLC and IR ENVIRONMENTAL SOLUTIONS, LLC, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION ON DEFENDANT LOMBARDI'S MOTION TO DISMISS [ECF 35]

### J. Nicholas Ranjan, United States District Judge

Defendant Anthony Lombardi moves to dismiss the claims against him without prejudice, arguing that Matthews has engaged in claim splitting. That is, Matthews first filed a lawsuit in this Court against Mr. Lombardi, alleging breach of contract arising out of Mr. Lombardi's decision to work for a Matthews competitor. *Matthews Int'l Corp. v. Anthony A. Lombardi*, No. 2:19-cv-1611 (W.D. Pa.) ("*Matthews I*"). A month later, it filed this lawsuit against Mr. Lombardi and others, involving largely the same subject matter as the first lawsuit ("*Matthews II*"). Under the claim-splitting doctrine, Mr. Lombardi argues that this case should be dismissed and that Matthews should bring any claims against him as part of the first lawsuit.

The Court partially agrees with Mr. Lombardi. Matthews engaged in improper claim splitting. But rather than dismissing the claims here, the Court will consolidate both cases for the sake of judicial efficiency.

- 1 -

# DISCUSSION & ANALYSIS

## I. The claim-splitting doctrine applies.

The Court finds that both *Matthews I* and *Matthews II* involve the same court, the same relevant defendant, and the same subject matter, and thus the claim-splitting doctrine applies.

The claim-splitting doctrine prohibits plaintiffs from "maintain[ing] two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citations omitted). "The longstanding rule against improper claim splitting prohibits a plaintiff from prosecuting his case piecemeal and requires that all claims arising out of a single alleged wrong be presented in one action." *Prewitt v. Walgreens Co.*, No. 12-6967, 2013 WL 6284166, at *5 (E.D. Pa. Dec. 2, 2013) (citations omitted).

The claim-splitting doctrine in this Circuit "applies when two cases: (1) take place in the same court; (2) with the same defendants; (3) involving the same subject matter." *McKenna v. City of Philadelphia*, 304 F. App'x 89, 92 (3d Cir. 2008); *see also Walton*, 563 F.2d at 70.

At issue is only whether the subject matter of both *Matthews I* and *Matthews II* is "the same." The Court finds that it is. The cases need not be identical to involve the same subject matter. *McKenna*, 304 F. App'x at 92. When the difference between the two cases is "purely semantic" and both cases rely on "the same operative facts and legal principles," the cases involve the same subject matter. *Id.*

Both cases concern Mr. Lombardi's alleged decision to leave Matthews, join a competitor, and take Matthews employees and customers with him. *Compare* [*Matthews I*, ECF 1, pp. 6-7, ¶¶ 30-39] *with* [*Matthews II*, ECF 1, pp. 19, 24-25, ¶¶ 93-102, 127-133]. In *Matthews I*, Matthews says that this

behavior violated various contracts, resulting in money damages. [*Matthews I*, ECF 1, p. 10, "Prayer for Relief"]. In *Matthews II*, Matthews says that this behavior violated trade-secret acts and the common law, resulting in injunctive relief and damages. [*Matthews II*, ECF 1, p. 38, "Prayer for Relief"]. The slight differences in causes of action and intended relief are what the Third Circuit has called "purely semantic." There are substantially similar facts and legal principles in both actions. *See, e.g.*, *McKenna,* 304 F. App'x at 92-93 (improper claim splitting where original complaint was Title VII retaliation claim based on plaintiff's opposition to illegal discrimination, while second complaint was § 1983 retaliation claim based on plaintiff's First Amendment free speech; court held "difference between the retaliation claims" to be "purely semantic."); *Walton*, 563 F.2d at 69-71 (improper claim splitting where original complaint alleged race and gender discrimination under Title VII and waived trial by jury while second complaint added a claim for "emotional and mental injury" and sought compensatory damages as well as a jury trial).

Because all the elements of the claim-splitting doctrine apply, the Court finds that Matthews improperly split its claims against Mr. Lombardi in its two separate actions.

## II.    The Court will consolidate *Matthews I* and *Matthews II.*

Even though Matthews improperly split its claims, that does not compel dismissal of the second lawsuit. When a court learns that two possibly duplicative actions are pending on its docket, "consolidation may well be the most administratively efficient procedure." *Walton*, 563 F.2d at 71. "If the second complaint proves to contain some new matters, consolidation unlike dismissal of the second complaint without prejudice or staying the second action will avoid two trials on closely related matters." *Id.* "If, on the other hand, the second complaint proves to contain nothing new, consolidation of the

two actions will cause no harm provided that the district court carefully insures that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." *Id.*

While Mr. Lombardi seeks dismissal of the claims against him in *Matthews II* and argues that consolidation is inappropriate, he cites no authority mandating that the Court dismiss the claims. [ECF 54, p. 4]. In fact, trial courts in this Circuit routinely resolve the problem of claim splitting by consolidating actions. *See, e.g.*, *Luo v. Roberts,* No. CV 14-6354, 2016 WL 6831122, at *18 (E.D. Pa. Oct. 27, 2016) ("In the present action, consolidation is clearly the most efficient and fair procedure.") (subsequent history omitted); *Nottingham v. Gray*, 4:18-CV-02002, 2003, 2019 WL 5260404, at *3 (M.D. Pa. Oct. 17, 2019) ("Consolidation may b[e] ordered on the motion of a party or *sua sponte* and in spite of the parties' opposition. Moreover, consolidation of these actions will avoid unnecessary costs or delay, and will in no way prejudice the parties.") (cleaned up).

Mr. Lombardi argues that consolidation is inappropriate because Matthews only seeks injunctive relief in *Matthews II* while it seeks damages in *Matthews I*. [ECF 54, p. 4]. But Matthews actually seeks money damages in both lawsuits (though injunctive relief is also sought in *Matthews II*). *Compare* [*Matthews I*, ECF 1, p. 10, "Prayer for Relief"] *with* [*Matthews II*, ECF 1, p. 38, "Prayer for Relief"]. Further, even if both lawsuits do not seek the same scope of relief, that is not a bar to consolidation. *See, e.g.*, *Walton*, 563 F.2d at 72 n.7 (different requested relief in two suits does not constitute a "new issue" prohibiting consolidation).

Here, consolidation is an appropriate remedy to the problem of claim splitting. In light of the infancy of both *Matthews I* and *Matthews II* and the

overlapping factual and legal issues between the cases, the Court will consolidate these cases to promote judicial efficiency.

## **CONCLUSION**

For all the reasons discussed above, Mr. Lombardi's motion to dismiss [ECF 35] is **DENIED.** An appropriate order denying the motion and consolidating *Matthews I* and *Matthews II* follows.

DATED this 19th day of March, 2020.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge