IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEWS INTERNATIONAL CORPORATION, | )<br>)<br>) |
| | ) 2:20-CV-89-NR |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| ANTHONY A. LOMBARDI, et al., | )<br>)<br>) |
| Defendants. | ) |

### MEMORANDUM OPINION

Presently before the Court is Plaintiff Matthews International Corporation's motion for civil contempt against all Defendants (ECF 185), as well as several other related motions (ECF 180; ECF 192; ECF 193; ECF 221). For the reasons that follow, the Court will grant in part Matthews's first motion for contempt (ECF 185), and will otherwise deny all other motions.

**I.   Matthews's First Contempt Motion.**

On February 25, 2021, the Court issued a preliminary injunction against Defendants, ordering Defendants to "return to Plaintiff all documents and information that belong to, or originated from, Plaintiff by March 23, 2021," which included "all documents and information that is in Defendants' possession, custody, or control, and includes all originals and duplicate copies." ECF 170, ¶ 2. The Court also ordered the parties to confer and execute, by March 30, 2021, a "joint remediation protocol" to purge Defendants' systems of all Matthews's information. *Id.* at ¶ 3.

Unfortunately, as discussed below, Defendants failed to comply. As a result, Matthews filed two separate motions for civil contempt sanctions against Defendants—one on March 27, 2021 (ECF 185) and one on March 30, 2021 (ECF 192), the former of which is addressed here and relates to paragraph 2 of the preliminary-injunction order. After the parties finished briefing these motions, the Court held a

civil contempt hearing on April 29, 2021. ECF 222. As the briefs, exhibits, and hearing testimony make clear, Defendants failed to timely comply with the Court's preliminary-injunction order. *See, e.g.*, 4/29/2021 Tr., p. 25:9-10 (defense counsel admitting that Defendants did not return all documents and ESI by the deadline); p. 56:20-23 (same). The reason for this, according to Defendants, was defense counsel's erroneous belief that under paragraph 2 of the preliminary-injunction order, Defendants only had to return hard-copy paper documents to Matthews by March 23. Matthews now moves for civil contempt sanctions because of Defendants' failure to return "all documents and information that belong to, or originated from, Plaintiff by March 23, 2021," as required by paragraph 2 of the Court's preliminary-injunction order. *See* ECF 185.

To show contempt, Matthews (as the movant) must demonstrate "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010) (cleaned up). Contempt must be shown by clear and convincing evidence, and any ambiguities must be resolved in Defendants' favor. *See id.*; *John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003). Thus, "a contempt citation should not be granted if there is ground to doubt the wrongfulness of the defendant's conduct." *Harris v. City of Phila.*, 47 F.3d 1342, 1350 (3d Cir. 1995) (cleaned up).

However, willfulness is not an element of civil contempt, so Defendants may be in contempt even if they did not willfully violate the Court's order. *See Lane Labs*, 624 F.3d at 582. As such, "good faith is not a defense to civil contempt." *Id.*; *see also John T.*, 318 F.3d at 552 ("Willfulness is not a necessary element of civil contempt,

and, accordingly, evidence regarding good faith does not bar the conclusion that the defendant acted in contempt." (cleaned up)).

There is little doubt here that Matthews showed, by clear and convincing evidence, that the three elements of civil contempt are satisfied. Turning initially to the first two elements, there is no dispute that the Court's preliminary-injunction order was a valid order, and that Defendants were aware of the order. And relatedly, there is no reasonable ambiguity within the order that would justify interpreting paragraph 2 of the preliminary-injunction order as limited to physical documents only, as defense counsel posited. In no uncertain terms, paragraph 2 of the order stated that "all documents and information" must be returned to Matthews. ECF 170, ¶ 2. The Court finds no ambiguity that would preclude a finding of contempt. *Cf. Harris*, 47 F.3d at 1350 ("An order may be so vague or indefinite that, even though the alleged contemnor is chargeable with knowledge of such order, he cannot be punished for doing what he did in view of lack of certainty as to what it prohibited or directed." (citation omitted)).

This conclusion is further supported by the fact that the documents at issue are primarily—if not exclusively—electronically stored information. *See, e.g.*, 4/29/2021 Tr., p. 13:5-10 (defense counsel stating that no hard copy documents "were identified and returned" in response to the preliminary-injunction order); *see also id.* at p. 17:21-24 (plaintiff's counsel stating that "[t]here has never been a single paper document at issue in this case"). Thus, if paragraph 2 of the order were limited to only hard-copy documents, it would be essentially meaningless. Furthermore, as Matthews's expert witness credibly testified at the contempt hearing, the customary and reasonable understanding of "all documents and information"—in light of the Federal Rules of Civil Procedure, the local rules, and common practice—includes ESI. *See id.* at pp. 44:21-48:6. Finding no ambiguity in the order, the Court concludes that

the first two elements for civil contempt—that a valid court order existed, which Defendants were aware of—are met here.

Turning to the third element for civil contempt, there is similarly little dispute that Matthews met its burden of showing that Defendants did not comply with the preliminary-injunction order. Indeed, defense counsel admitted that Defendants did not return all documents and information to Matthews by March 23, 2021, in violation of paragraph 2 of the preliminary-injunction order. *See, e.g.*, 4/29/2021 Tr., p. 25:9-10; p. 56:20-23. Matthews has met its burden of showing civil contempt by clear and convincing evidence.

Defendants appear to rely on two defenses, however, to excuse their contempt. Neither defense prevails. First, in their opposition brief, Defendants rely on a good-faith defense. *See* ECF 216, pp. 20-23. Yet "good faith is not a defense to civil contempt." *Lane Labs*, 624 F.3d at 582.

Second, at the civil contempt hearing, Defendants raised the affirmative defense of "substantial compliance." To successfully raise this defense, Defendants must show that they "(1) ha[ve] taken all reasonable steps to comply with the valid court order, and (2) ha[ve] violated the order in a manner that is merely 'technical' or 'inadvertent.'"[1] *Id.* at 591.

Defendants have not met their burden of showing substantial compliance. As is clear from the record, Defendants' return of "all documents and information" was

---

[1] While good faith is not a defense to civil contempt, as discussed above, a "good faith mistake" or "excusable oversight" is relevant to the substantial compliance defense. *See Lane-Labs*, 624 F.3d at 590-91 ("A party substantially complies when it takes all reasonable steps to do so, but nonetheless contravenes the court order by good faith mistake or excusable oversight."). But good faith, without taking "all reasonable steps" to comply, is insufficient for a successful defense. *Id.*; *see also id.* at 590, n.18 ("When assessing the *affirmative defense* of substantial compliance, however, good faith efforts inherently factor into the inquiry. . . . Indeed, an 'inadvertent' error is one that is, by its very nature, made in good faith. This is not to say that a party's good faith efforts necessarily convert its contumacious conduct into inadvertent

not substantially done, or even attempted, before the March 23, 2021, deadline. Indeed, Defendants provided no evidence showing they took more than *de minimis* steps, much less "all reasonable steps," to comply with the preliminary-injunction order.[2] Further, considering that this case has been pending for well over a year (and even the newest defendants have been part of this case for over six months), as well as Defendants' representation that no preliminary injunction was warranted because they were able and willing to return Matthews's information (*e.g.*, ECF 150, p. 37), the Court was under the reasonable impression that the groundwork for the return of all information was already laid. As is clear from the evidence and argument presented at the contempt hearing, however, that is not the case—and even now, Defendants appear unlikely to be in substantial compliance with the Court's order for a significant time. Ultimately, while Defendants are now working to comply, they have not sufficiently shown that they have taken "all reasonable steps to comply," nor that their violations are "merely technical or inadvertent."

Further, while Defendants filed a motion for an extension of time *nunc pro tunc* to comply with the preliminary-injunction order (ECF 193), the Court does not view

---

violations; rather, good faith is relevant to the substantial compliance inquiry, no more, no less.").

[2] During the civil contempt hearing, Defendants conceded that they did not rely on defense counsel's erroneous interpretation of paragraph 2 of the preliminary-injunction order in failing to take more substantial steps to comply with the order. *See* 4/29/2021 Tr., p. 69:10-12 (defense counsel stating, "No one said anything about relying on advice of counsel on our side that I recall and if they did, they misspoke. I didn't say it"). Accepting that, then, the only evidence Defendants presented showing their efforts to comply prior to the deadline related to the return of hard-copy paper documents. *See, e.g.*, ECF 193-10; 4/29/2021 Tr., p. 13:5-10. Yet as discussed above, this case involves primarily—if not exclusively—electronically stored information. Thus, efforts limited to returning only physical documents is not taking "all reasonable steps" to comply with the order to return all documents and information. At bottom, Defendants fell well short of meeting their burden of showing substantial compliance prior to the deadline.

this as grounds for their substantial compliance defense. First, as already discussed, Defendants failed to take sufficient steps to comply with the order before the deadline had passed. Second, Defendants cannot simply excuse their non-compliance and contempt by seeking a late extension of the deadline they violated. Third, the Court is concerned that much of the groundwork for the collection and return of documents and information was not properly done during discovery, thereby rendering Defendants unable to substantially comply with the Court's order, such that even granting a *nunc pro tunc* extension would not put them any closer to substantially complying with the Court's preliminary-injunction order. Indeed, by the April 29, 2021, contempt hearing—which was over a month after the preliminary-injunction order's deadline had passed—it was clear that while Defendants are now working toward compliance, they are far from substantially complying. *See, e.g.*, 4/29/2021 Tr., pp. 3:23-6:2, 7:5-8:9, 8:24-9:6 (defense counsel, who only became involved in this case on the day of the preliminary-injunction order's deadline, summarizing the extensive efforts still needed to be taken by Defendants to comply with the order).

In sum, Defendants' substantial compliance defense falls short.

Having found Defendants in civil contempt, the Court must next determine an appropriate sanction. Civil contempt sanctions are "remedial in nature," having two possible purposes: "to coerce compliance with a court order or to compensate the other party for losses sustained due to noncompliance." *United States v. Pozsgai*, 999 F.2d 719, 735 (3d Cir. 1993); *see also Berne Corp. v. Gov't of the V.I.*, 570 F.3d 130, 139 (3d Cir. 2009). A civil contemnor's later compliance with the order may purge the civil contempt sanction. *Pozsgai*, 999 F.2d at 735. Civil contempt sanctions may not be punitive, however, as punitive sanctions are appropriate only for criminal contempt. *See id.* ("Criminal contempt, by contrast, is a punitive sanction, designed to vindicate the court's authority for the contemnor's past non-compliance with a court order, and therefore cannot be cured by the contemnor."). Provided the civil contempt sanctions

are remedial, rather than punitive, district courts have "broad discretion" to fashion an appropriate sanction. *See John T.*, 318 F.3d at 554. Even so, "[i]t is well established that only the least possible power adequate to the end proposed should be used in contempt cases." *Xtreme Caged Combat v. ECC Fitness*, No. 12-3855, 2019 WL 1245162, at *2 (E.D. Pa. Mar. 15, 2019) (quoting *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 895 (3d Cir. 1992)).

Matthews requests a variety of civil contempt sanctions. *See* 4/29/2021 Tr., pp. 70:16-73:22; ECF 185, pp. 2-3; ECF 192, p. 9. Weighing the nature of Defendants' violation here, the Court will issue a sanction enjoining all Defendants from competing with Matthews, as outlined in paragraph 4 of the Court's original preliminary-injunction order. ECF 170, ¶ 4; *cf.* ECF 178. This sanction shall remain in effect until Defendants have fully complied with paragraphs 2-3 of the preliminary-injunction order, including the remediation process, and the Court has approved the Special Master's final report regarding the same. ECF 170; *see also* ECF 223. The Court finds that this sanction is appropriate because the preliminary-injunction order was designed to ensure that Defendants could not inappropriately use Matthews's information, such as to gain a competitive advantage. Until Defendants have returned and remediated all of Matthews's documents and information from their systems, there is a risk of Defendants' improper use of Matthews's information to compete.

Given this sanction and the relief it provides Matthews, the Court finds that any additional sanction would be punitive, more than what's necessary to address

Defendants' contempt, and not commensurate with the nature of the preliminary-injunction order and violation in light of this case's history.[3]

## II.     The Parties' Remaining Motions.

The parties have also filed several related motions, which the Court will now resolve.  These motions are mostly mooted by the civil contempt sanctions imposed here, as well as the Court's appointment of a Special Master to oversee the forensic analysis and remediation of Defendants' systems, including the protocols that will govern the process.  ECF 223; ECF 227.

In addition to the motion discussed above, Matthews filed a second motion for sanctions, including entry of its proposed remediation protocol, due to Defendants' alleged violations of their discovery obligations and failure to prepare for a forensic analysis and remediation of their systems.  ECF 192.  The Court will deny this motion without prejudice.  Given the additional work that must be completed with respect to the return and remediation of information, the parties should focus their efforts on that process.  Once complete, any discoverable information that was not previously produced should be produced; counsel should confer on any remaining disputes; and any formal disputes, including any renewed motions for sanctions, should be raised before the Special Master at that time.

Defendants similarly filed a motion for entry of a remediation protocol.  ECF 221.  Due to the Court's order appointing a Special Master, this motion is denied. Additionally, Defendants, as noted above, filed a motion for a *nunc pro tunc* extension

---

[3] In its motion and accompanying brief (ECF 185; ECF 186), Matthews also requests sanctions for Defendants' alleged violations of discovery obligations.  The Court denies Matthews's request, but without prejudice to raise before the Special Master at the conclusion of the remediation process.

to comply with the Court's preliminary-injunction order.  ECF 193.  That motion is denied as moot, in light of the Court's finding of contempt here.

Finally, Matthews also filed a motion for reconsideration of the Court's prior clarification of the preliminary-injunction order (ECF 178), requesting that the Court vacate its order clarifying the preliminary injunction which limited the preliminary-injunctive relief awarded.  ECF 180.  The Court will deny the motion for reconsideration without prejudice.  To begin with, that motion is partially mooted in light of the contempt relief that the Court is issuing against Defendants, as the contempt relief imposed here is essentially the same relief Matthews requests in its motion for reconsideration, albeit with a more limited duration.  Additionally, that motion may not be ripe in a certain sense, to the extent that additional discovery comes to light related to Defendants' alleged non-compliance with discovery obligations that would form the basis for reconsideration.

An appropriate order follows.

DATE: May 13, 2021                                      BY THE COURT:

                                                        /s/ *J. Nicholas Ranjan*
                                                        United States District Judge