IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEWS INTERNATIONAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY A. LOMBARDI, et al., <br><br> Defendants. | 2:20-CV-89-NR |

## MEMORANDUM ORDER

    Presently before the Court is Defendants' motion to vacate this Court's civil contempt sanction that it imposed on May 13, 2021. ECF 284. That sanction stated that it would remain in effect "until the Court determines that (i) Defendants have returned to Plaintiff all documents and information that belong to, or originated from, Plaintiff, as outlined in paragraph 2 of the preliminary-injunction order [ECF 170]; and (ii) the remediation protocol outlined in paragraph 3 of the preliminary-injunction order has been fully executed and performed so as to verifiably purge Plaintiff's documents and information from Defendants' systems to the satisfaction of the Special Master and Court." ECF 229. Defendants contend that they have met those two conditions, and so the Court should lift the sanction. ECF 285, pp. 2-3. For the following reasons, the Court denies the motion without prejudice.

    With the parties' agreement, the Court approved the Special Master's Report and Recommendation on the Phase 1B protocol on August 5, 2022. ECF 261. Phase 1B concerned a forensic examination of Plaintiff's documents for identification and return to Plaintiff with the help of a neutral examiner. ECF 260-1; ECF 285, pp. 2-

3. Phase 1B concluded on February 2, 2023. ECF 290, p. 5. Then, the parties agreed to a pre-remediation sampling process, which concluded on May 25, 2023. *Id.* at 7.

Two additional phases remain: Phase 2 (remediation) and Phase 3 (quality control of Phases 1 and 2). Because Phase 2—the actual remediation—has not begun, the Court concludes that neither condition set forth in the civil contempt sanction has been satisfied. ECF 290, p. 8. To lift the sanction now would therefore be premature.

However, the Court also acknowledges that remediation has taken much longer than the Court (and perhaps the parties) originally envisioned. To avoid further delay and in keeping with the "spirit" of the Court's prior contempt order, the Court finds that the conclusion of Phases 1 and 2 of remediation would amount to "substantial compliance" with the contempt order, even while Phase 3 remains ongoing. Substantial compliance is a defense to a civil contempt sanction, and is achieved where a respondent makes all reasonable efforts to comply with the Court's order and violates the order in a manner that is merely technical or inadvertent. *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 591 (3d Cir. 2010). At the conclusion of Phase 2, remediation will be substantially complete, with only a quality control outstanding, and that is in line with the goals contemplated by the original contempt order. Therefore, the Court intends to lift the contempt order upon completion of Phases 1 and 2 of the remediation (though it expects all parties to proceed to Phase 3 and perform all Phase 3 obligations in good faith).

Plaintiff asserts that the remediation process has revealed that Defendants continue to use its trade secrets, causing it additional harm. ECF 293, pp. 4-6. To the extent that is true, that issue is better addressed in adjudicating the merits of the

case and can be addressed during litigation of the claims and as part of the scope of any requested relief.

****

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Vacate the May 13, 2021, Contempt Order (ECF 284) is **denied without prejudice**. It is **FURTHER ORDERED** that the parties and the Special Master shall file a status report 60 days from the date of this Order advising the Court on the status of Phase 2. If, at that time, the Court concludes that Phase 2 is complete or otherwise makes a finding of substantial compliance, the Court intends to lift the sanction on a motion filed by Defendants.

DATED: June 22, 2023

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge