**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MATTHEWS INTERNATIONAL
CORPORATION,

      Plaintiff,

      v.

ANTHONY A. LOMBARDI, et al.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

2:20-CV-89-NR

## <u>MEMORANDUM ORDER</u>

Presently before the Court is Plaintiff Matthews International Corporation's motion for leave to file a Second Amended Complaint under Federal Rule of Civil Procedure 15. ECF 330. Matthews seeks to add John Mitchell as a defendant, add already-existing Defendants James Norton and Christopher Brown to its claim at Count 1 for violation of the Defense of Trade Secrets Act, and add a new RICO claim against certain individual Defendants. *Id.* at 2; ECF 330-2. Defendants oppose the motion, arguing that the deadline for amendment in this Court's Case Management Order (ECF 324) has passed, Matthews has not shown good cause for its delay, and Defendants would otherwise be prejudiced. ECF 334.

Though the parties dispute whether the Rule 15(a)(2) or Rule 16(b)(4) standard applies to Matthews's motion, the dispute is immaterial because the Court reaches the same result under either standard.[1] After careful review, the Court grants the motion in part and denies in part. Specifically, the Court denies leave to amend the

---

[1] Defendants argue that because Matthews moved for leave to amend one day after the deadline for amendment set by the CMO, the motion for leave is governed by the good cause standard of Rule 16. ECF 334, p. 6. Matthews says that it filed 34 minutes late due to technical issues. ECF 338, p. 2.

complaint to add John Mitchell as a defendant, but otherwise grants Matthews leave for its other proposed amendments.

Federal Rule of Civil Procedure 15 instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Defendants bear the burden of establishing why the Court should deny Matthews's motion for leave to amend. *United States ex rel. Sirls v. Kindred Healthcare, Inc.*, 536 F. Supp. 3d 1, 5 (E.D. Pa. 2021). Relevant factors include undue delay, bad faith, or dilatory motive of the movant, repeated failure to cure deficiencies in previous amendments, prejudice to the opposing party, futility, judicial economy and burden on the Court, and prejudice to the moving party in denying leave to amend. *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). Whether to grant leave to amend falls within the Court's discretion. *Id.*

By contrast, under Rule 16(b)(4), Matthews bears the burden of establishing "good cause" to amend. *Equal Emp. Opportunity Comm'n v. FedEx Ground Package Sys., Inc.*, No. 15-256, 2018 WL 4350249, at *5 (W.D. Pa. Sept. 12, 2018) (Hornak, J.) ("A party seeking leave to amend pleadings after a deadline set in the Court's case management order must satisfy [Federal Rule of Civil Procedure] 16(b)(4)." (cleaned up)).

Applying both of these standards, the Court will permit Matthews to add Defendants Norton and Brown to its claim for violation of the Defense of Trade Secrets Act at Count 1. To state a claim for a violation of the DTSA, a plaintiff must show: "(1) the existence of a trade secret, defined generally as information with independent economic value that the owner has taken reasonable measures to keep secret[,] (2) that is related to a product or service used in, or intended for use in, interstate or foreign commerce, and (3) the misappropriation of that trade secret,

defined broadly as the knowing improper acquisition, or use or disclosure of the secret." *Schabacker v. Ferens*, No. 22-3778, 2024 WL 710632, at *8 (E.D. Pa. Feb. 21, 2024) (cleaned up).   The First Amended Complaint already alleges that these Defendants had access to Matthews's trade secrets and used them improperly in violation of their contracts with Matthews and in furtherance of a civil conspiracy. ECF 91, ¶¶ 92,104, 113, 118, 249, 306-13, 376-82.   Given the relatedness of the breach-of-contract and conspiracy claims to the DTSA claim, Defendants Norton and Brown will suffer little prejudice because of Matthews's additional claim against them.

The Court will also grant Matthews leave to amend its complaint to add a RICO claim because this amendment "will not substantially change the theory on which the case has been proceeding." ECF 330, p. 7 (the "conduct that forms the basis of these [new] claims mirrors the conduct" at issue in the existing claims).   Having reviewed the proposed Second Amended Complaint, the Court finds that the factual allegations supporting the RICO claim are part and parcel with the allegations supporting, at a minimum, the claim for violating the DTSA.   *See Jones v. BFI Waste Servs. of Pennsylvania, LLC*, No. 13-460, 2013 WL 5505285, at *1 (W.D. Pa. Oct. 3, 2013) (Kelly, M.J.) (granting leave to amend where plaintiff "adds no new facts, only new theory").   As a result, the time and expense required to conduct discovery on and defend at trial a RICO claim will not unduly prejudice Defendants, since they will already have to defend the DTSA claim.   *See Adams v. Gould Inc.*, 739 F.2d 858, 869 (3d Cir. 1984) (finding no prejudice because no new facts or additional discovery were required); *Albright v. Concurrent Techs. Corp.*, No. 21-112, 2023 WL 5548810, at *5 (W.D. Pa. Aug. 29, 2023) (Haines, J.) ("Unless the opposing party will be prejudiced, leave to amend should generally be allowed." (cleaned up)).

Defendants argue that the addition of a RICO claim would subject them to prejudice because it would require the parties to re-open discovery that has already

been taken.  ECF 334, pp. 13-15; *see also* ECF 322.  But because so much overlap between the RICO and DTSA claims exists, the Court sees little reason why the parties would have to repeat that discovery.  Any future discovery into the merits of the parties' claims and defenses can be tailored as necessary in subsequent case management orders.

But as to Matthews's request for leave to add Mr. Mitchell as a defendant, the Court denies the motion because of lack of good cause, as well as undue delay and resulting prejudice to Mr. Mitchell.  Matthews has known about Mr. Mitchell's involvement in this case since at least October 2020 when it filed its First Amended Complaint.  ECF 91, ¶¶ 114-118, 304.  Though delay alone is not enough to deny leave to amend, "at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (cleaned up).  The Court finds that prejudice would exist here.

The First Amended Complaint not only mentions Mr. Mitchell but also describes a basis for liability for at least some of Matthews's claims. *E.g.*, ECF 91, ¶¶ 114-118 (explaining Mr. Mitchell's knowledge of Matthews's trade secrets to poach Matthews's customers and "offer free preventative maintenance inspections and other crematory repair and maintenance services (including rebuilds)").  But for some reason, Matthews declined to name him as a defendant.  That 41-month lapse is undue by any reasonable measure and does not support amendment. *See Acosta v. Holland Acquisitions, Inc.*, No. 15-1094, 2018 WL 2230895, at *5-9 (W.D. Pa. May 16, 2018) (Hornak, J.) (failure to add defendant that party "knew full-well" was "the man behind the alleged violations curtain" 26 months after filing complaint created undue delay and prejudice).

Matthews points to the unusual procedural history of this case as a reason for the delay (*e.g.*, extended injunction proceedings, remediation process).  ECF 338, p.

- 5 -

3. True, the procedural path of this case has been unusual, but the fact is that extensive discovery has already occurred, and the complaint has already been amended once; Mr. Mitchell could have been added as part of the First Amended Complaint, so amending to add new defendants at this stage is without good cause, would create prejudice to the newly added defendant, and would cause further delay. Accordingly, the Court will not grant leave to amend to add Mr. Mitchell.

****

Accordingly, it is hereby **ORDERED** that Matthews's motion for leave to file a Second Amended Complaint (ECF 330) is **GRANTED IN PART and DENIED IN PART**. Matthews is granted leave to add Defendants Norton and Brown to Count 1 and to add a RICO claim as Count 10, but denies leave to add Mr. Mitchell as a named defendant. Matthews shall file its Second Amended Complaint on or before **April 19, 2024**.

DATED: April 4, 2024                                      BY THE COURT:

                                                         /s/ *J. Nicholas Ranjan*
                                                         United States District Judge