IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEWS INTERNATIONAL CORPORATION, | ) ) ) ) 2:20-CV-89-NR ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| ANTHONY A. LOMBARDI, et al., | |
| Defendants. | |

**ORDER LIFTING CIVIL CONTEMPT SANCTION**

On May 13, 2021, this Court entered a civil contempt order (ECF 229) against Defendants. Specifically, the Court ordered:

(a) As a result of Defendants' civil contempt, Defendants shall not form, enter, or expand any cremator-related contract or agreement with any customer who, as of the date of this order, has a cremator that was sold, or otherwise provided, by Plaintiff. However, Defendants may provide, to any customer, any service or product that is not currently provided by Plaintiff, including recycling services and providing, servicing, or maintaining processors.

(b) This contempt sanction shall be effective immediately and shall remain in effect until the Court determines that Defendants have fully complied with paragraphs 2-3 of the preliminary-injunction order (ECF 170), and the Court has approved the Special Master's final report regarding the same (ECF 223). More specifically, this order shall remain in effect until the Court determines that (i) Defendants have returned to Plaintiff all documents and information that belong to, or originated from, Plaintiff, as outlined in paragraph 2 of the preliminary-injunction order; and (ii) the remediation protocol outlined in paragraph 3 of the preliminary-

> injunction order has been fully executed and performed so as to verifiably purge Plaintiff's documents and information from Defendants' systems to the satisfaction of the Special Master and Court.

ECF 229.

Defendants moved the Court to lift the sanctions on May 26, 2023, arguing that they had met the conditions of paragraph (b). ECF 284; ECF 285, pp. 2-3. The Court denied that motion without prejudice, finding that Defendants had not satisfied those conditions. ECF 295. However, the Court also acknowledged that the remediation process had taken longer than the parties and the Court had expected. The Court stated, "To avoid further delay and in keeping with the 'spirit' of the Court's prior contempt order, the Court finds that the conclusion of Phases 1 and 2 of remediation would amount to 'substantial compliance' with the contempt order, even while Phase 3 remains ongoing." *Id.* at 2.

Then, at the April 23, 2024, status conference, the parties represented that Phase 2 of remediation (concerning file remediation) was complete. ECF 343. The Court ordered the parties to confer with the Special Master on whether Phase 2 of remediation was, in fact, complete, and ordered the Special Master to file a report stating his opinion on the matter. ECF 346. The Special Master filed his report on May 7, 2024, advising that he had conferred with the parties and the forensic consultants, and stating "the consensus of all was that file remediation was substantially complete[.]" ECF 347, p. 1.

In light of these representations, and consistent with the terms of and intent behind the Court's orders at ECF 223, ECF 229, and ECF 295, the Court finds that

Phase 2 of remediation is substantially complete such that Defendants have substantially complied with the civil contempt order.

Accordingly, it is hereby **ORDERED** that the Court's contempt sanction order (ECF 229) is **MODIFIED**, as follows. Specifically, the sanction—which ordered Defendants to refrain from forming, entering, or expanding any cremator-related contract or agreement with any customer who, as of the May 13, 2021, order, has a cremator that was sold, or otherwise provided, by Plaintiff—is hereby **LIFTED**.

DATED: May 9, 2024             BY THE COURT:

                               /s/ *J. Nicholas Ranjan*
                               United States District Judge