IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEWS INTERNATIONAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY A. LOMBARDI, RONALD STOVEKEN, MICHAEL ANDREWS, GAETANO ESPOSITO, CHRISTOPHER BROWN, JAMES NORTON, JARROD GOGEL, IMPLANT RECYCLING, LLC, IR ENVIRONMENTAL SOLUTIONS, LLC, and BRADLEY WASSERMAN, <br><br> Defendants. | 2:20-CV-89 |

## MEMORANDUM ORDER

Before the Court are Plaintiff Matthews International Corporation's motion for protective order (ECF 379) to prevent Brett Creasy from testifying in anything other than his expert capacity, Defendants' motion for sanctions against Matthews (ECF 380) for failure to produce Mr. Creasy for a scheduled Rule 30(b)(6) deposition, and Defendants' motion for protective order (ECF 381) to relieve Implant Recycling, LLC and IR Environmental Solutions, LLC of the obligation to produce a witness to testify

on Topic No. 28 in the Rule 30(b)(6) notice they received from Matthews. For the following reasons, the Court **GRANTS** the motions in part, as follows.

## BACKGROUND

On January 26, 2025 and January 27, 2025, the parties raised several discovery disputes with the Court, and the Court ordered the parties to file motions on the disputes. ECF 378. On January 27, 2025, the parties filed three motions.

Matthews moved for a protective order to permit Mr. Creasy, its forensic expert, to testify only in his expert capacity.[1] ECF 379. Matthews argues that Mr. Creasy cannot testify as a Rule 30(b)(6) witness because the only information that he can testify on is either "expert in nature or duplicative of testimony that Matthews has already provided." *Id.* at ¶ 8. As Mr. Creasy "does not and cannot offer any facts that are outside of his forensic expertise[,]" Matthews is only willing to offer Mr. Creasy to testify in his capacity as an expert. *Id.* at ¶ 12. Defendants argue that the topics in their Rule 30(b)(6) notice, specifically Matter Nos. 1, 2, 5, 11, 12, and 15, weren't designed to elicit expert testimony, and that it was Matthews, not Defendants, who identified Mr. Creasy as a Rule 30(b)(6) witness. ECF 390.

Defendants move for sanctions against Matthews for failing to produce Mr. Creasy as a Rule 30(b)(6) witness on January 27, 2025. ECF 380. They contend that Matthews had agreed to produce Mr. Creasy for a Rule 30(b)(6) deposition on January 27, 2025, and that in reliance on Matthews's position, they had agreed to reschedule the deposition of bix-x-bit, which was originally scheduled for January 27, 2025. *Id.*

---

[1] In Matthews's objections and responses to Defendants' Rule 30(b)(6) notice, which sought testimony about the details regarding the alleged trade secrets and confidential information that Matthew contends Defendants improperly acquired, including the date that the acquisition, use, or disclosure occurred and the identity of any devices or accounts involved, Matthews had indicated that it would produce Mr. Creasy to testify for Matter Nos. 1, 2, 5, 11, 12, and 15, but noted that Mr. Creasy's testimony would be in his capacity as an expert. *See* ECF 379-4.

at ¶¶ 7, 9. Matthews disputes that it reached an agreement with Defendants to produce Mr. Creasy for a Rule 30(b)(6) deposition. ECF 388, pp. 3-4.

Lastly, Defendants Implant Recycling, LLC and IR Environmental Solutions, LLC move for a protective order relieving them of the obligation to produce a witness to testify on Topic No. 28 in the Rule 30(b)(6) notice they received from Matthews. ECF 381. Both Implant's and IR Environmental's Rule 30(6)(b) depositions are scheduled for this week. On January 22, 2025, Matthews served amended notices of Rule 30(b)(6) deposition to Implant and IR Environmental, in which (for the first time) it required them to produce a corporate designee to testify on Implant/IR Environmental's "acquisition, possession, use, access, disclosure, copying, movement, and/or deletion of each of Matthews' designated confidential information and trade secrets, which were produced on December 31, 2024 (which…Defendants produced as part of the Forensic Protocol in this matter and were reproduced to Defendants with labels) and the previous list (which…were produced by Defendants to Matthews with labels)." *Id.* at ¶ 4. Defendants argue that it would be an undue burden on them to produce a witness to testify about Topic No. 28 with little more than a week's notice and that Matthews has failed to identify the matter for examination with reasonable particularity. *Id.* at ¶¶ 5, 6.

The parties filed response briefs as to each motion filed. ECF 388, 389, 390. The motions are now ready for disposition.

### DISCUSSION & ANALYSIS

A party resisting discovery may seek a protective order after attempting to resolve the dispute in good faith. Fed. R. Civ. P. 26(c)(1). The court may grant the protective order "for good cause" in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The alleged injury must be shown with

specificity; broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not establish good cause." *Fifth Third Bank v. Westwood Zamias Ltd. P'ship*, No. 18-143, 2019 WL 1383713, at *1 (W.D. Pa. Feb. 6, 2019) (Gibson, J.) (cleaned up).

Under Fed. R. Civ. P. 37(d)(1)(A)(i), the Court may order sanctions if a person designated under Rule 30(b)(6) fails to appear for the deposition, after being served with proper notice. A failure to produce a Rule 30(b)(6) witness "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Instead of or in addition to the sanctions listed in Rule 37(b)(2)(A)(i)—(vi), the Court must require the party failing to act and/or its attorney "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). "The court has broad discretion to decide whether to award sanctions under Rule 37(d). In deciding whether to award sanctions under Rule 37, courts should weigh several factors, including: (1) the extent of a party's personal responsibility; (2) a history of dilatoriness; (3) whether the party's or attorney's conduct was willful or in bad faith; (4) the meritoriousness of the claims; (5) prejudice to the other party; and (6) appropriateness of alternative sanctions." *Spellman v. Am. Eagle Exp., Inc.*, No. 2:10-01764, 2012 WL 1719204, at *2 (E.D. Pa. May 16, 2012) (cleaned up).

The Court addresses each motion, in turn.

## I.  Matthews's motion for protective order permitting Mr. Creasy to testify only in his expert capacity.

To begin with, "[t]here is no impediment to expert witnesses serving as a Rule 30(b)(6) representative[]." *Fed. Deposit Ins. Corp. v. Galan-Alvarez*, No. 12-1029, 2018 WL 11417748, at *5 (D.P.R. June 8, 2018). However, the Court recognizes that

- 4 -

there is a distinction between an expert witness and a Rule 30(b)(6) witness. Namely, "[c]orporate witnesses under Rule 30(b)(6) are representatives of the organization and are charged with testifying on behalf of the organization about facts known or reasonably known[,]" but "expert witnesses are not are not called upon to testify as to facts known to an organization, but are instead called upon to offer *opinion* based on facts provided." *MP NexLevel, LLC v. Codale Elec. Supply, Inc.*, No. 2:08-727, 2012 WL 2368138, at *2 (D. Utah June 21, 2012).

Matthews represents that the only information that Mr. Creasy can testify on is expert in nature and that he does not offer any facts that are outside of his forensic expertise. ECF 379, ¶ 12. Specifically, Matthews has offered Mr. Creasy's expert testimony about examples of the alleged trade secrets and confidential information improperly acquired, used, or disclosed by Defendants, about "how he knows from the examples that he selects that different Defendants improperly acquired, use or disclosed the Matthews documents at issue[,]" and about "specific examples of the locations of where certain trade secrets originated from at Matthews." *Id.* at ¶ 11; ECF 379-4, pp. 5-6, 8. Moreover, Mr. Creasy "has already provided multiple affidavits, declarations, and an expert report upon which he testified at the preliminary injunction hearing in December 2020[.]" ECF 382, p. 6. Therefore, the Court is satisfied that Mr. Creasy's testimony is likely to be expert in nature.

The Court will therefore grant Matthews's motion for a protective order. Matthews does not need to produce Mr. Creasy as a Rule 30(b)(6) witness, per se. And the Court can understand the need to ensure that Mr. Creasy is preserved as an expert witness, given his role in this case. However, the information within the topics is discoverable, and given Matthews's prior representation that Mr. Creasy is knowledgeable on these topics as an expert, Matthews must make Mr. Creasy available to testify on these topics in his capacity as an expert. The deposition (should Defendants choose to proceed with one) must cover the topics for which Matthews

had indicated Mr. Creasy would testify on, *e.g.*, Matter Nos. 1, 2, 5, 11, 12, and 15 in the Rule 30(b)(6) deposition notice. If Defendants wish to complete this deposition within the period for fact discovery, then they are authorized to do so, and it is without prejudice to Defendants to depose Mr. Creasy again in the course of expert discovery after he submits a written report.[2]

## II.  Defendants' motion for sanctions.

Defendants move for sanctions for Matthews's failure to produce Mr. Creasy as a Rule 30(b)(6) witness on January 27, 2025. Because Matthews didn't file a motion for protective order until after Mr. Creasy's deposition was scheduled to take place, its failure to produce Mr. Creasy isn't excused. But in decided whether to award sanctions under Rule 37, the Court also weighs several factors.

**Extent of the party's personal responsibility**. There's no evidence that either Matthews or Mr. Creasy was responsible for his failure to appear at the deposition—rather, it seems the decision to not appear was made by Matthews's counsel.

**History of dilatoriness**. The record doesn't indicate that Matthews has a pattern of dilatoriness in this case.

**Willfulness or bad faith**. The record doesn't indicate that Matthews acted in bad faith. The Court recognizes that the parties' counsel appear to dispute whether they reached an agreement last week to produce Mr. Creasy as a Rule 30(b)(6) witness, and finds (based on counsels' email exchanges) that, while Matthews's conduct "amounts to more than mere inexcusable negligent behavior[,]" there is no

---

[2] Alternatively, Matthews may designate someone else on these topics now, and/or Defendants may elect to forego taking Mr. Creasy's deposition until the expert-discovery period. Matthews argues that it has fulfilled its obligations under Rule 30(b)(6) by "providing more than 21 hours of corporate representative testimony over the last week about areas that are within its organizational knowledge[,]" but this is inapposite as there is no indication that the corporate representatives testified on the specific topics at issue. ECF 382, p. 3.

indication that Matthews's failure to produce Mr. Creasy was strategic, self-serving conduct. *Spellman v. Am. Eagle Exp., Inc.*, No. 2:10-01764, 2012 WL 1719204, at *2 (E.D. Pa. May 16, 2012) ("Willful conduct requires strategic, self-serving conduct that amounts to more than mere inexcusable negligent behavior." (cleaned up)); *see* ECF 379-5.

**Meritoriousness of the claims**. As the Court is unable to make a determination as to the merits of Matthews's claims at this time, this factor is neutral.

**Prejudice to the other party**. The Court finds there is prejudice to Defendants due to Mr. Creasy's failure to appear at the deposition. In particular, Defendants had agreed to reschedule the deposition of bix-x-bit in reliance upon Matthews's agreement to produce Mr. Creasy for the Rule 30(b)(6) deposition.

**Appropriateness of alternative sanctions**. At this juncture, the Court finds that awarding Defendants their attorney's fees and costs of $4,936.00 associated with arguing this issue, preparing this Motion, and cancelling the January 27, 2025 deposition is sufficient to correct the prejudice caused by Matthews's failure to produce Mr. Creasy. The Court hereby orders this payment to be made within 30 days of this order. Defendants also request that the Court prohibit Matthews from offering any testimony as to Matter Nos. 1, 2, 5, 11, 12, and 15 beyond the testimony provided to date by Matthews's 30(b)(6) corporate representatives, but the Court finds that this sanction is not warranted.

## III. Defendants' motion for protective order on Topic No. 28.

Implant and IR Environmental move for a protective order relieving them of the obligation to produce a witness to testify on Topic No. 28, which relates to testimony on Implant and IR Environmental's alleged acquisition of confidential information and trade secrets produced by Matthews (1) on December 31, 2024 in two spreadsheets containing a list of almost 30,000 file names and (2) in another list of

Bates ranges covering thousands of pages of documents that Matthews contends are the alleged trade secret or confidential information.

A Rule 30(b)(6) deposition notice "must describe with reasonable particularity the matters for examination," and the persons designated "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "[C]ourts, including courts in the Third Circuit, have ruled that deposition topics lacking any metes and bounds are facially overbroad and unduly burdensome." *Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, No. 18-11273, 2023 WL 2300652, at *11 (D.N.J. Feb. 28, 2023) (collecting cases). "[T]he concept of reasonable availability requires the court to weigh the parties' respective knowledge, including the relative abilities of the parties to develop the information, the burden that preparing a witness on the particular topic would impose on the organization, and the importance of the requested information." *Brit. Telecommunications PLC v. IAC/Interactivecorp*, No. 18-366, 2020 WL 1043974, at *4 (D. Del. Mar. 4, 2020); *see also Fed. Trade Comm'n v. Am. Future Sys.*, No. 20-02266, 2022 WL 1437562, at *2 (E.D. Pa. Apr. 8, 2022) (noting that proposed topics that "would require a witness to master an unreasonably large body of knowledge" may fail the "reasonable particularity" standard, as would topics that may "require a corporate representative to devote unreasonable time to preparation, to master detailed data-based subject matter, or testify about all of an organization's answers to one or more sets of discovery covering varied subject matter"); *In re Asbestos Prods. Liab. Litig.*, No. 11-63953, 2012 WL 3104833, at *2 (E.D. Pa. July 31, 2012) ("Noticing a 30(b)(6) deposition to obtain testimony from a defendant identifying all asbestos products it supplied, sold or distributed over a sixty plus year period is not proper.*"); Michilin Prosperity Co. v. Fellowes Mfg. Co.*, No. 04-1025, 2006 WL 1441575, at *2 (D.D.C. May 23, 2006) (plaintiff's 30(b)(6) notice failed to describe with reasonable particularity the matters on which examination was requested where the subject matter was

approximately 2,000 pages of documents defendant produced, which deponent would have to review); *Pres. Techs. LLC v. MindGeek USA, Inc.*, No. 17-08906, 2020 WL 10965163, at *2 (C.D. Cal. Oct. 19, 2020) (plaintiff's Rule 30(b)(6) topic requesting testimony about 2.4 terabytes of source code that defendant produced was unduly burdensome because learning enough to discuss each file would require "painstaking preparation").

The Court finds that Topic No. 28 poses an undue burden on Defendants, given the large amounts of files and documents that the corporate representatives would have to review in preparation for this particular topic, and the short amount of time that they would have to do so. Accordingly, the Court will limit the scope of Topic No. 28 as follows: Matthews must identify by January 29, 2025 at 3:00 p.m. (or by a time and date mutually agreed to by the parties), no more than 100 sample documents (total) from Exhibits 13A, 13B, and 14 that it seeks to depose Implant and IR Environmental's corporate representatives on.[3]

\* \* \*

---

[3] To be clear, when the matter of trade secrets comes before the Court, the Court has no intention of pouring over 30,000 files, and the parties should consider, even now, how they intend to describe with reasonable particularity the trade secrets at issue for the Court (or jury). *See Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 906 (3d Cir. 2021) (noting, at motion-to-dismiss stage, that "the subject matter of the trade secret must be described with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies" (cleaned up)); *Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 385 (3d Cir. 2021) (on a preliminary-injunction motion, "it is first and foremost the plaintiff's burden to specifically identify what it contends to be its trade secrets and to demonstrate with record evidence a significantly better than negligible chance, of establishing the existence of those trade secrets" (cleaned up)); *Dow Chem. Canada Inc. v. HRD Corp.*, 909 F. Supp. 2d 340, 346 (D. Del. 2012) (noting, at summary-judgment stage, that the party claiming misappropriation must " show the existence of a trade secret with reasonable degree of precision and specificity such that a reasonable jury could find that plaintiff established each statutory element of a trade secret" (cleaned up)), *aff'd*, 587 F. App'x 741 (3d Cir. 2014).

Therefore, after careful consideration and consistent with the foregoing, it is hereby **ORDERED** that Matthews's motion for protective order (ECF 379), Defendants' motion for sanctions (ECF 380), and Defendants' motion for protective order (ECF 381) are **GRANTED IN PART,** as set forth in this Order.[4]

DATED: January 28, 2025                BY THE COURT:

                                       /s/ *J. Nicholas Ranjan*
                                       United States District Judge

---

[4] The Court notes that *fact* discovery must be completed by January 31, 2025 (ECF 370), but the Court has not yet set a schedule for expert discovery. At the status conference on February 5, 2025, the parties should be prepared to discuss the schedule for expert discovery (as well as the briefing schedule for summary-judgment motions).